UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD H. STEWART, III,<br>Petitioner,<br><br>v.<br><br>TOM DICKHAUT, Superintendent<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>12-40153-TSH |

**MEMORANDUM AND ORDER Of DECISION**
**February 16, 2016**

**HILLMAN, D.J.**

### Background

Donald H. Steward III ("Stewart" or "Petitioner") was convicted in Worcester Superior Court on October 20, 2008 of first-degree murder (felony-murder, deliberate premeditation, and extreme atrocity or cruelty), one count of armed robbery (as the predicate felony) and three counts of assault and battery with a dangerous weapon. He was sentenced to life imprisonment. The Supreme Judicial Court of Massachusetts ("SJC") affirmed his conviction on November 10, 2011. On December 19, 2011, Petitioner filed a motion for reconsideration with the SJC, which was treated as a petition for rehearing. The SJC denied the petition on February 13, 2012. On November 13, 2012, he filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person in State Custody (Docket No.  ("Petition"). The Petition asserts the following three grounds for relief:

**Ground One**: Violation of his Sixth Amendment right to effective assistance of counsel as the result of: (1) his lawyer's failure to object to the instruction given by the trial court, or to request a proper instruction on the defense of mental impairment, and (2) his lawyer's concession in his closing argument that Petitioner bore some responsibility for the killing.

**Ground Two**: Violation of his Due Process Clause rights pursuant to the Fifth and Fourteenth Amendments as there was insufficient evidence to support a conviction for armed robbery and first degree felony-murder because the victim lent his truck to the Petitioner and therefore, the evidence did not establish that an armed robbery occurred (armed robbery being the predicate offense to support the felony murder conviction) and the SJC erred when it determined that that taking of personal property from the victim after he was dead could serve as the predicate offense.

**Ground Three**: Violation of his Due Process Clause rights pursuant to the Fifth and Fourteenth Amendments when the SJC affirmed his convictions for armed robbery and first degree felony-murder on a theory of the case not presented to the jury. More specifically, in affirming the Petitioner's conviction, the SJC speculated that it was the victim's refusal to lend the truck that was the impetus for the homicide, a theory contrary to the Commonwealth's theory at trial, and unsupported by the record facts. The court also held that the taking of the victim's personal items was the impetus for the homicide contrary to the Commonwealth's trial theory and unsupported by the evidence.

Stewart has exhausted state-court remedies with respect to all of the grounds for relief asserted in his Petition. On April 17, 2015, Stewart filed a motion to amend the petition and add a fourth claim. *See Pet's Mot. to Amend Petition* (Docket No. 24). For the following reasons, the motion to amend is *denied*.

## Facts[1]

On May 5, 2003, Stewart and an accomplice, Frank Carpenter ("Carpenter") beat and stabbed the victim, Nicholas Martone, to death after he (the victim) denied them use of his truck in exchange for drugs. Stewart confessed his participation in the crime to the police, but did not testify at trial. His defense was that he was so impaired by drug use that he was not capable of

---

[1] In addition to the facts relevant to Petitioner's motion to amend, a brief summary of the substantive facts underlying his conviction is included to provide context to the motion; those facts are taken from the SJC's decision in *Commonwealth v. Stewart*, 460 Mass. 817, 957 N.E.2d 712 (2011).

forming the requisite intent to commit murder. The trial judge denied both motions for required findings of not guilty.

Following the trial, Petitioner appealed his conviction to the SJC[2] asserting the following claims of error: (1) his conviction for felony-murder was error because there was no evidence of armed robbery; (2) the trial judge erred by instructing the jury to ignore the testimony of that he had been placed on suicide watch; (3) the trial judge gave erroneous instruction to the jury on the issues of (a) deliberate premeditation, (b) murder in the second degree, (c) mental impairment, and (d) felony-murder in the second degree; and (4) he received ineffective assistance of counsel as the result of his lawyer's closing argument because his lawyer argued that if they found that he was mentally impaired at the time, they should find him not guilty when "he should have discussed mental impairment as it related specifically to murder in the first degree based on premeditation or extreme atrocity or cruelty." *Stewart*, 460 Mass. 820-831, 957 N.E.2d 712. On November 10, 2011, the SJC affirmed Stewart's convictions.

Stewart filed a motion for reconsideration with the SJC. The SJC treated the motion as a petition for rehearing which it denied on February 13, 2012. Stewart timely filed his Petition on November 13, 2012. On April 17, 2015, he filed his motion requesting leave to amend the Petition and raise an entirely new claim. For the reasons set forth below, the motion to amend is *denied*.

## Discussion

Stewart seeks to amend the Petition to include a claim that the SJC violated his Fifth and Fourteenth Amendment Due Process rights on direct review of his appeal. More specifically,

---

[2] Massachusetts Rule of Appellate Procedure 11 allows for the SJC to take direct appeals in certain circumstances. Mass. Gen. Laws ch. 278, § 33E requires that the SJC take direct review of convictions for first-degree murder.

Petitioner asserts that the SJC overruled or ignored well established case law regarding the defense of impairment due to intoxication in cases charging first degree murder and, in doing so, "unforeseeably and retroactively enlarged the scope of the partial defense of impairment due to intoxication such that the jury would have been warranted in returning a verdict of not guilty by reasons of impairment due to intoxication." *Petitioner's Mot. to Amend Pet.* (Docket No. 24), at p. 1. He then argues that on the basis of this retroactive enlargement of the scope of the defense, the SJC held that his lawyer's closing argument did not constitute ineffective assistance of counsel.

Respondent argues that the motion to amend must be denied because: (1) the proposed claim is time-barred under 28 U.S.C. §2244(d), (2) the proposed claim was not properly exhausted before the state courts, and (3) the proposed claim is based on alleged error of state law which does not rise to the level of a constitutional violation. Petitioner asserts that the proposed claim relates back to the timely filed Petition because it is based on facts underlying the claim asserted in Ground One and for that reason, is not time-barred. As to whether this claim was exhausted before the state court, Stewart states that the legal and factual arguments underlying the due process claim were raised on direct appeal and in the motion for reconsideration, but that the due process claim did not arise until the motion for reconsideration was denied. Petitioner did not address the remaining issue raised by the Respondent in his opposition, *i.e.*, that the claim is barred because it is based on errors of state law which do not rise to the level of a federal constitutional violation. Because I find that the claim is time-barred, I need not address this last argument.[3]

---

[3] It is also not necessary for me to address Respondent's argument that Petitioner has not exhausted this claim. However, because Petitioner argued this issue, I will make the following observation. It is unclear from Petitioner's submissions whether he raised the legal and factual underpinnings of this claim in his motion for reconsideration, that is, whether he requested that the SCJ reconsider its denial of his claim that he had received

4

*Standard of Review*

For purposes of determining whether to permit amendment of a federal habeas petition, the Court looks to Fed. R. Civ. P. 15(a). *See Laurore v. Spencer*, 396 F.Supp.2d 59, 63 (D. Mass. 2005). Rule 15(a) provides that a pleading may be amended with leave of court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(3). In determining whether this standard is met, the Court must also take into account the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d)(1), as "any claim brought after the limitations period has run must relate back to the original petition to be considered." *Laurore*, 39 F.Supp.2d at 62 (citing *Mayle v. Felix*, 545 U.S. 644, 649-50, 125 S.Ct. 2562, 2566 (2005)). There is no question that the new claim which Stewart seeks to assert is well beyond the AEDPA's one year statute of limitations and therefore, is time barred unless it relates back to the claims brought in the original Petition.

Pursuant to Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading". Fed. R. Civ. P. 15(c)(1)(B). For purposes of a federal habeas petition, the relation back requirement is strictly construed and "[a] new claim must be similar 'in both time and type' to a claim in the original petition for the new claim to relate back. Therefore, 'relation back' will be appropriate when 'the original and amended petitions state claims that are tied to a common core of operative facts,' or when 'the prisoner's amendment seeks merely to elaborate upon his earlier claims.' The relationship between the original petition and the new claim must be stronger than

---

ineffective assistance of counsel as the result of his lawyer's closing argument because its decision overruled or ignored well established prior case law. However, even if I were to assume that Petitioner did so, for the reasons stated in the Respondent's brief, I would find that he had not exhausted this claim in state court.

the fact that they both arose out of the 'same trial, conviction or sentence'". *Laurore*, 396 F.Supp.2d at 62-63 (quoting *Mayle*, 545 U.S. 644, 125 S.Ct 2562 and *United States v. Hicks,* 283 F.3d 380 (D.C. Cir. 2002)) (internal citations to quoted cases omitted).

*Whether the Petition is Time-Barred*

Stewart asserts his new claim is rooted in Ground One of his Petition which asserts that his lawyer's failure to object to the trial court's jury instruction or request a proper instruction on the defense of mental impairment combined with his lawyer's concession in his closing argument that Stewart bore some responsibility for the killing constituted ineffective assistance of counsel. However, for the reasons set forth below, I find that his proposed claim which addresses errors in the SJC's ruling on his direct appeal is only tangentially related to the ineffective assistance of counsel claim asserted in Ground One of his Petition.

Ground One is a Sixth Amendment claim for ineffective assistance of counsel at the time of trial. The proposed claim, on the other hand, is a Fifth and Fourteenth Amendments due process claim based on the SJC's decision on appeal to affirm his conviction. These two claims are not tied to the same core of operative facts, and are not the same type of claims. More specifically, the facts underlying the Ground One of his Petition are: (1) defense counsel failed to object to improper jury instructions, (2) defense counsel did not request proper jury instructions, and (3) defense counsel advanced an unsupportable argument regarding mental impairment at closing argument. Based on these facts, Stewart alleges that his lawyer's performance fell below the standard required by the Sixth Amendment. The facts underlying the proposed new claim are that the SJC: (1) overruled or ignored established precedent regarding mental impairment, and (2) unforeseeably and retroactively enlarged the scope of the mental impairment defense. Stewart alleges that the SJC violated his Fifth and Fourteenth Amendment Due Process rights

when it held, based on the newly defined scope of the mental impairment defense, that his lawyer's argument did not constitute ineffective assistance of counsel. Simply put, Stewart's original theory is based on defense counsel's alleged failures, while his proposed claim is based on the SJC's alleged errors.  Under these circumstances, the proposed new claim cannot be said to related back to the original Petition and therefore, is time-barred.  For this reasons, Stewart's motion to amend his Petition is *denied*.

## Conclusion

For the foregoing reasons, Petitioner's Motion to Amend Petition (Docket No. 24), is *denied*.

**So Ordered.**

*/s/ Timothy S. Hillman*
TIMOTHY HILLMAN
DISTRICT JUDGE